IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 26 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00758-BNB

KEVIN LEE FULLER,

　　　　Plaintiff,

v.

OFFICER PAT MEESTER, Arvada Police Dept.,
OFF. ERIC KELLOGG, Arvada Police Dept.,
SGT. ERIC STRASHEIM, Arvada Police Dept.,
DISTRICT ATTORNEY'S OFFICE JEFFERSON COUNTY,
JEFFERSON COUNTY SHERIFF'S OFFICE DETENTION FACILITY,
JEFFERSON COUNTY MEDICAL SERVICES, and
OFFICE OF THE PUBLIC DEFENDER,

　　　　Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Kevin Lee Fuller was incarcerated at the Jefferson County Detention Center in Golden, Colorado, when he filed *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) and an amended civil rights complaint apparently pursuant to 42 U.S.C. § 1983 (2003). He has since notified the Court that he is confined at the Jeffco Action Center, Inc., apparently a community corrections facility in Lakewood, Colorado. Mr. Fuller has been granted leave to proceed pursuant to § 1915.

The Court must construe the amended complaint liberally because Mr. Fuller is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below,

Mr. Fuller will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Because Mr. Fuller has failed to include page three of the Court-approved form for filing a prisoner complaint, he has failed to provide a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). In addition, he has failed to include a demand for judgment for the relief he seeks

because he has failed to include page eight of the Court-approved form for filing a prisoner complaint. **See** Fed. R. Civ. P. 8(a)(3).

Mr. Fuller's amended complaint also does not include a short and plain statement of his claims showing that he is entitled to relief in this action. **See** Fed. R. Civ. P. 8(a)(2). Mr. Fuller makes claims that attack the validity of his conviction, apparently on domestic-abuse charges for assaulting his ex-wife. He also claims that he was denied proper medical treatment while confined in the Jefferson County Detention Center. However, he fails to allege the dates when these events occurred and which defendant he is suing on each claim.

Rather than summarizing each claim succinctly, Mr. Fuller apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Fuller's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Fuller must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated, and the specific acts of each defendant that allegedly violated his rights.

Mr. Fuller also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each

defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Fuller should be given an opportunity to file a second amended complaint. He will be directed to do so below.

Finally, Mr. Fuller is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Fuller should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Fuller file **within thirty (30) days from the date of this order** a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Fuller, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Fuller submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Fuller fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 26th day of July, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00758-BNB

Kevin L. Fuller
Prisoner No. 151850
Jeffco Action Center, Inc
P.O. Box 150609
Lakewood, CO 80215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _7-26-06_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk